UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT W. JOHNSON,

    Plaintiff,

v.                                               Case No. 22-cv-103-pp

BRIAN WERGER, DAN W. ST. HILAIRE,
NORTHERN CREDIT UNION, TRUSTAGE
INSURANCE AGENCY LLC, and
CMFG LIFE INSURANCE COMPANY

    Defendants.

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (DKT. NO. 1) AND SETTING A DEADLINE FOR THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On January 26, 2022, the plaintiff, representing himself, filed a complaint, dkt. no. 1, along with a motion to proceed without prepaying the filing fee, dkt. no. 2. Because the it court has jurisdiction and whether the plaintiff has stated a claim, the court will dismiss the complaint and give the plaintiff an opportunity to amend.

**I.    Screening**

When a plaintiff asks to proceed without prepaying the filing fee, the court must determine whether the case is "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief; if so, the court must dismiss the

1

case. 28 U.S.C. §1915(e)(2)(B). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The complaint consists of a single page that contains a list of defendants; a statement that they "denied" the plaintiff "enrollment services, benefits and all other reliefs deemed just and proper including but not limited due process rights entitled" to him; the date; and the plaintiff's signature. Dkt. No. 1.

On the Civil Cover Sheet that the plaintiff filed along with the complaint, there is a section that asks the plaintiff to mark a box describing the nature of the lawsuit. Dkt. No. 1-1, §IV. The plaintiff marked the box next to "440 Other Civil Rights." Id. Section VI of the form asks the plaintiff to state the cause of action by stating the statute under which the plaintiff is suing and briefly describing the cause. Id. For the "statute" under which he is suing, the plaintiff wrote, "440 Civil Rights: Other." Id. For the brief description of the cause, the plaintiff wrote "Due Process Violations & Denial of Benefits." Id. at §VI. In the

2

box that asks for the "demand" for relief, the plaintiff wrote "$100,000,000.00."

Id.

The plaintiff attached to the complaint a single-page letter to the plaintiff; the letter is undated, is on TruStage letterhead and says that it is "For Members of Northern Credit Union." Dkt. No. 1-2. The body of the letter says,

> As of August 31, 2021, you've yet to accept and name a beneficiary for your $1,000 no-cost TruStage® Accidental Death and Dismemberment (AD&D) Insurance. As a member of Northern Credit Union, you automatically qualify for this policy that's completely paid for by the credit union and issued by CMFG Life Insurance Company.
>
> An enrollment period for this insurance is underway through October 10, 2021. In the event of a covered accident, it pays a cash benefit to your family at a critical time. It's money your loved ones could use for monthly bills, debts or any reason.
>
> <u>Again, it costs you absolutely nothing—only a few minutes of your time—to get $1,000 of insurance</u>. Simply complete the short enrollment form and mail it in the enclosed, postage-paid envelope.
>
> If you choose, additional insurance is available starting at $0.50 per month for each $10,000 of coverage. There's no application, and you can't be turned down. Just select the amount of insurance you want and write in your account number to enjoy the convenience of automatic payments.
>
> For more details visit TruStage.com/ADDenroll. Or for easy sign up, please call toll-free 1-866-940-4274.

Id. The letter is signed by Brian Werger, the director of TruStage Insurance Agency, and Dan W. St. Hilaire, the CEO and president of Northern Credit Union. Id.

The plaintiff has sued the people who signed the letter, as well as the companies they represent. He says that they denied him enrollment and benefits. He does not explain whether he accepted and named a beneficiary or

3

whether he completed the short enrollment form and mailed it in in the postage-paid envelope, as the letter instructed him to do. He does not say when or if he did these things, who told him that he had been denied enrollment and benefits or when they told him. He does not explain what reason, if any, he was given for the denial of enrollment and benefits.

There are several problems with the complaint. First, it is not clear whether this court has jurisdiction over the claim the plaintiff is trying to bring. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331.

For the court to have diversity jurisdiction over the plaintiff's claims, the plaintiff must show that he lives in a different state than any of the defendants he has sued. The complaint does not provide a state of residence for the plaintiff or any of the defendants. Dkt. No. 1. On the Civil Cover Sheet, the plaintiff listed his address as Watertown, New York; he did not provide an address for the defendants. Dkt. No. 1-1, §I. In the section of the Civil Cover Sheet asking for the basis of jurisdiction, the plaintiff marked the box for "Federal Question (*U.S. Government Not a Party*)," dkt. no. 1-1, §II, but in the section asking for the citizenship of the principal parties (which plaintiffs must complete only if the court's jurisdiction arises from *diversity*), the plaintiff

4

marked boxes indicating that both he and the defendants were "Citizen[s] of This State," dkt. no. 1-1, §III. The plaintiff appears to live in New York but filed his lawsuit in Wisconsin; it is not clear which state he meant.

There is a company called TruStage Insurance Agency, LLC that has its principal office in Waverly, Iowa. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=T057434&hash=2098117016&searchFunctionID=c4e6e43e-5bd0-4c4d-8ec0-ec0c917cda46&type=Simple&q=trustage. It appears that Brian Werger, the director of TruStage, may be a resident of Wisconsin. https://www.mynorthern.com/. CMFG Life Insurance may be headquartered in Wisconsin. https://fortune.com/fortune500/2013/cmfg-life-insurance-company/. But Northern Credit Union appears to have its corporate office in Watertown, New York—the same state in which the plaintiff appears to live. https://www.mynorthern.com/. It appears that Dan St. Hilaire, Northern's CEO, may also live in New York. https://www.linkedin.com/in/dan-st-hilaire-5445256. "[T]he diversity statute, 28 U.S.C. § 1332, requires complete diversity." Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc., 13 F.4th 560, 571 (7th Cir. 2021) (citation omitted). "This means no defendant may share the same state citizenship as any plaintiff." Id. If the court is correct that the plaintiff and Northern Credit Union and Dan St. Hilaire all reside in New York, then this court does not have diversity jurisdiction.

As the court noted above, the plaintiff marked the box on the Civil Cover Sheet indicating that the basis for the court's jurisdiction is that there is a federal question. But when the plaintiff completed the portion of the civil cover

5

sheet that asked him to list the federal statute under which he was suing, the plaintiff did not do so (he listed the "Nature of Suit" code that the clerk's office assigns to "other civil rights cases"—440—which is not a statute). The complaint and the Civil Cover Sheet mentioned "due process." The Fourteenth Amendment to the United States Constitution says that no state may deprive a person of life, liberty or property without due process of law, and 42 U.S.C. §1983 allows a person to sue a state official who deprives him of his constitutional rights. If the plaintiff had sued a state official for depriving him of life, liberty or property without due process, this court would have federal question jurisdiction.

But it is not clear that the plaintiff has sued state officials. TruStage and CMFG appear to be private corporations. Northern Credit Union appears to be a nonprofit. https://www.mynorthern.com/. Werger and St. Hilaire work for these private companies, not for any state government. So the plaintiff cannot sue them through §1983 for violations of his due process rights. The plaintiff has not identified any other federal statute under which he might have a cause of action against these defendants.

Even if the court has subject-matter jurisdiction, the plaintiff has not stated sufficient facts to state a claim for relief. As the court discussed above, the plaintiff has not explained whether he applied for the insurance offered to him in the letter, when he did so, when he was denied, who denied him enrollment and benefits or how he was harmed. The plaintiff has not provided the short and plaint statement of his claims that is required by Fed. R. Civ. P.

6

8(a). The plaintiff has not shown that he is entitled to relief that a federal court may grant. The court must dismiss the complaint.

That said, the Seventh Circuit Court of Appeals has repeatedly said that "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). The court will give the plaintiff one opportunity to amend his complaint. The court encloses with this order a blank amended complaint form. The plaintiff should use this form to file his amended complaint. The plaintiff must list the case number for this case on page one of the form. He should provide information about the state of citizenship of each of the defendants he wishes to sue. If he is suing for a violation of a federal constitutional provision or a federal statute, he should identify that constitutional provision or statute in the amended complaint. He should provide the court with the "who, what, when, where, why, how" information about his claim. Who injured him? What did each defendant do to injure him? When did they do it? Where did they do it? If he knows, why did they do it? And how did they injure him?

If the plaintiff files the amended complaint in time for the court to *receive* it by the deadline the court sets below, the court will review the complaint and decide whether it states a claim. If the court does not receive the amended

complaint by the deadline the court sets below, the court will dismiss this case without further notice or hearing on the next business day.

## II. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The court will defer ruling on this motion. If the plaintiff files an amended complaint by the deadline the court sets below, and if that amended complaint states a claim for which a federal court may grant relief, the court will rule on the plaintiff's motion to proceed without prepaying the filing fee.

## III. Conclusion

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 8(a) and 12(b)(6). Dkt. No. 1.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint on the court's form in time for the court to *receive* it by the end of the day on **May 20, 2022**. If the court does not receive an amended complaint by the end of the day on May 20, 2022, the court will dismiss the case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**