UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT W. JOHNSON,

        Plaintiff,

v.

                              Case No. 22-cv-103-pp

BRIAN WERGER, DAN W. ST. HILAIRE,
NORTHERN CREDIT UNION, TRUSTAGE
INSURANCE AGENCY LLC, and
CMFG LIFE INSURANCE COMPANY,

        Defendants.

---

## ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING CASE

---

On January 26, 2022, the plaintiff—representing himself—filed a complaint alleging that the defendants denied him enrollment services without due process. Dkt. No. 1. On April 25, 2022, the court issued a screening order, finding that the complaint failed to state a claim for which a federal court could grant relief. Dkt. No. 6. The order gave the plaintiff the opportunity to file an amended complaint, setting a deadline of May 20, 2022 by which to do so. Id. at 6. That date has passed and the court has not received an amended complaint.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED** for failure to state a claim upon which a federal court may grant relief. The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**